21SV00307

# IN THE STATE COURT OF DOUGLAS COUNTY

## STATE OF GEORGIA

**REGINA STEWART,**

    **Plaintiff,**

    **Versus**          **CASE NO.** _____
21SV00307

**QUICKTRIP CORPORATION,**

    **Defendant.**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

    **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

> *Michael D. Hoffer*
> *HOFFER & WEBB, LLC*
> *3190 Northeast Expressway*
> *Suite 430*
> *Chamblee, Georgia 30341*
> *Phone: (404) 260-6330*
> *E-mail:* *mhoffer@hofferwebb.com*

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for relief demanded in the complaint.**

This \_\_\_6th\_\_\_day of \_\_\_April\_\_\_\_\_, 2021.

/s/ Annetta D. Stembridge

**Clerk of State Court**



EXHIBIT
D-1

FILED
4/6/2021 8:38 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00307

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

REGINA STEWART,                    )
                                   )
    Plaintiff,                )
                                   )        CIVIL ACTION FILE NO.
v.                                 )        21SV00307
                                   )        _____
QUIKTRIP CORPORATION,              )
                                   )
                                   )        JURY TRIAL DEMANDED
    Defendant.                )
_____)

### COMPLAINT FOR DAMAGES

COMES NOW, **REGINA STEWART**, ("Stewart" or "Plaintiff"), in this civil action, by and through her attorney, Hoffer & Webb, and files this Complaint for Damages against Defendant, by showing this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant QUIKTRIP CORPORATION ("Quiktrip" or "Defendant") is a foreign for-profit business with its principal office address at 4705 South 129th East Avenue, Tulsa, Oklahoma 74134-7008.  Said corporation is subject to the jurisdiction and venue of this Court and may be served with a Summons and a copy of this Complaint by serving its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

3.

At all relevant times, Defendant Quiktrip operated Quiktrip Gas Station #808, located at 2042 Fairburn Road, Douglasville, Douglas County, Georgia 30135.

21SV00307

4.

Defendant maintained an office and transacted business in Douglas County on June 21, 2019 and continues to do so.

5.

This Court has jurisdiction and venue over this action.

## **BACKGROUND**

6.

On or about June 21, 2019, Plaintiff was an invited guest at Quiktrip Gas Station #808, located at 2042 Fairburn Road, Douglasville, Douglas County, Georgia 30135.

7.

Plaintiff was a customer at Quiktrip when she slipped and fell over a hazardous condition, specifically, oil that was on the ground between the gas pumps.

8.

Defendant is the owner, operator, and/or manager of Quiktrip and more specifically the owner, operator, and/or manager of the Quiktrip location in which Plaintiff slipped, fell, and was injured.

9.

Defendant had exclusive ownership, possession and control over the area where Plaintiff was injured at all times relevant to this litigation.

10.

Defendant created the hazardous condition upon which Plaintiff slipped, fell, and was injured. As such, Defendant had actual and/or constructive knowledge of this hazardous condition.

21SV00307

11.

Plaintiff was governing herself in a safe and prudent manner at all times, and the hazardous condition was not visible to her or a reasonable person.

12.

At the above date and location, Defendant was negligent by failing to exercise ordinary care in keeping these premises safe and by failing to maintain a safe environment, in violation of, among other things, O.C.G.A.§ 51-3-1, so as to cause injury to Plaintiff.

13.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries to her body and has incurred past medical bills in excess of $73,000.00 and anticipated future medical bills in excess of $64,000.00.

14.

As a direct and proximate result of Defendant's negligence, Defendant is found liable for and indebted to Plaintiff for her medical bills, pain and suffering, and future medical bills.

## COUNT 1
## PREMISES LIABILITY

15.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 14 above.

16.

Plaintiff was an invitee on the premises at the time of the incident.

17.

Defendant as owner/occupier owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

21SV00307

18.

Defendant's premises were not safe, and instead included a dangerous condition, i.e., the oil on the ground.

19.

Defendant's staff, employees, agents, or representatives knew, or should have been aware, of this dangerous condition.

20.

Plaintiff had no knowledge of this condition.

22.

Defendant was negligent in failing to properly construct, inspect, and maintain the subject area to make sure that such a hazardous condition did not exist.

23.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

24.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 23 above.

25.

At all times relevant to this action, the individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff slipped and fell were employed by and/or were agents of Defendant and were acting within the scope of their employment. They also were supervised, managed, and controlled by Defendant.

21SV00307

26.

Defendant was responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

(a)    That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)    That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)    That Plaintiff recover such other and further relief as is just and proper;

(d)    That all issues be tried before a jury.

Respectfully submitted this 6th day of April, 2021.

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

FILED
4/6/2021 8:38 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00307



# HOFFER & WEBB, LLC

## TRIAL ATTORNEYS

April 6, 2021

TO:      All Judges, Clerks of Courts, and Counsel of Record
FROM:    Michael D. Hoffer
RE:      Notice of Leave of Absence

COMES NOW, Michael D. Hoffer, and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- **June 3, 2021;**
- **June 4, 2021;**
- **June 7, 2021 through and including June 11, 2021;**
- **June 14, 2021 through and including June 18, 2021;**
- **June 21, 2021 through and including June 25, 2021;**
- **November 16, 2021;**
- **November 22, 2021 through and including November 24, 2021;**
- **December 23, 2021;**
- **December 24, 2021; and**
- **December 27, 2021 through and including December 31, 2021.**

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions, and other legal proceedings that might be scheduled in any of the cases referenced in "Exhibit A."

All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the Leave of Absence shall be granted.

HOFFER & WEBB, LLC

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

21SV00307

# EXHIBIT A

| CASE | COURT/JUDGE | OPPOSING PARTY |
|------|-------------|----------------|
| Regina Stewart,<br><br>v.<br><br>QuikTrip Corporation.<br><br>CAFN: TBD | The Honorable Judge<br>State Court of Douglas County<br>8700 Hospital Drive<br>Douglasville, Georgia 30134 | QuikTrip Corporation c/o its<br>Registered Agent,<br>CT Corporation System<br>289 S. Culver Street<br>Lawrenceville, Georgia 30046 |

FILED
4/6/2021 8:38 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA

21SV00307

IN THE STATE COURT OF DOUGLAS COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| REGINA STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| v. | ) | |
| | ) | 21SV00307 |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW, **REGINA STEWART ("Plaintiff")**, as the Plaintiff in this action, and by and through her counsel, and pursuant to O.C.G.A. § 9-11-33, serves her First Interrogatories upon the Defendant.

## INSTRUCTIONS

When used in these Interrogatories, the term "Defendant", or any synonym thereof, including the pronoun "you," "your," and "yours" is intended to, and shall embrace and include, **QUIKTRIP CORPORATION**, counsel for Defendant, and all agents, servants, employees, representatives, owners, directors, officers, independent contractors, private investigators and others who are in possession of, or who may have obtained, information for or on behalf of Defendant.

Defendant is reminded that it is under a duty seasonably to supplement responses to these Interrogatories which are not complete when made. Defendant is further under a duty to seasonably supplement Defendant's responses with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of

1

21SV00307

each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the expert witness' testimony.

Defendant is required to seasonably amend a prior response if it obtains information upon the basis of which it learns that the response was incorrect when made or that the response, though correct when made, is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

As used herein, the word "document" or "documents" shall include and embrace any written, printed, electronic, recorded or graphic matter, or other means of preserving or reproducing information, including, but not limited to, sound reproduction, video reproduction and computer stored information.

As used herein, the term "communication" shall include and embrace any method or manner of exchanging or transmitting information and specifically includes, but is not limited to, a statement, a conversation, and any other means of oral or written communication. Obviously, in certain circumstances, a "document" may be a "communication" and vice versa.

As used herein, the words "identify," "identity," or "identification," when used in reference to (a) a natural person, means to state his or her full name and present or last known address, his or her present or last known place of employment, and his or her home and business telephone numbers; (b) a document, means to give its date, title, author, addressee, persons receiving copies and its present location and the name of each of its present custodians; (c) a communication, means to identify each person privy to, or with knowledge of, such communication; the nature of the communication; and the date, place, and time of such communication; and (d) a business, firm, or other organization for the purpose of doing business, including a hospital, means to give the full, complete and accurate name of the business entity, the address, and telephone number, if known.

2

21SV00307

As used herein, the word "person" or "persons" includes natural persons, firms, partnerships, associations, joint ventures, for profit and not for profit corporations and any other form of business organizational arrangement.

## **INTERROGATORIES**

1.

Please provide the names of and the addresses and telephone numbers for each and every person that the Defendant believes or that it contends possesses any knowledge about the slip and fall incident in which the Plaintiff was involved on June 21, 2019, about the injuries sustained by the persons involved in the said incident, or about the reasons for the cause of the said incident.

2.

Please provide the names of and the addresses and telephone numbers for each and every person that the Defendant believe or contend was a witness to the slip and fall incident in which the Plaintiff was involved on June 21, 2019.

3.

Please provide the names of and the addresses and telephone numbers for each and every person that the Defendant believes or that it contends was working at the Quiktrip on June 21, 2019, as well as the names and contact information of their supervisors.

4.

Please provide the names of and the addresses and telephone numbers for each and every person that the Defendant believes or that it contends was involved in the maintenance, cleaning, and upkeep of the floors at the Quiktrip on June 21, 2019, upon which Plaintiff fell.

3

21SV00307

5.

Please provide the names of and the addresses and telephone numbers for each and every person that the Defendant believes or that it contends conducted an investigation of the slip and fall incident involving the Plaintiff on June 21, 2019.

6.

With regard to any of the factual averments, contained in the <u>Complaint</u> that the Defendant denied, please state and provide the following information:

a)     a detailed statement of all facts that the Defendant contends support each of its denials;

b)     the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting each of its denials; and

c)     a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports each of its denials.

7.

With regard to any affirmative defense that the Defendant pled or alleged in its Answer in this matter, please provide the following information:

a)     a detailed statement of all facts that the Defendant contends support each of the affirmative defenses pled;

b)     the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting each of its affirmative defenses; and

4

21SV00307

c)      a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports each of its affirmative defenses.

8.

If the Defendant contends that the Plaintiff made any statement or statements in any form to any person regarding the slip and fall incident in which the Plaintiff was involved on June 21, 2019, please state and provide the following additional information:

a)      The name and address of the person or persons to whom these statements were made;

b)      the date each such statement was made;

c)      the form of each such statement -- whether written, oral, or recorded by a video or audio recording device or a stenographer;

d)      whether these statements, if written, were signed;

e)      if written or recorded, the names and addresses of the persons presently having custody of these statements; and

f)      a full and complete description or summary of all such statements.

9.

If, after the slip and fall incident in which the Plaintiff was involved on June 21, 2019, an investigation was conducted, please state and provide the following additional information:

a)      The name and address of each organization or individual who conducted any such investigation;

b)      whether any written reports were submitted as a result of any such investigation;

c)      the name and address the present custodian of any such reports; and

21SV00307

d)      a full and complete description or summary of any such investigation, including the results or conclusions reached.

10.

Please provide the names of and describe each photograph, chart, diagram, videotape, recording, depiction, illustration, and other illustration of any person, place or thing involved in this lawsuit or related to the slip and fall incident in which the Plaintiff was involved on June 21, 2019, the date each was made, and the name and address of the person(s) with possession, custody, or control of each such item.

11.

Please state the names of and fully describe each and every piece of documentary or tangible evidence, which the Defendant may use to support its contentions in this lawsuit, and give the name and address of that person or firm who presently has possession of each such item of evidence.

12

If the Defendant contends that any admissions respecting the issues in this case were made by any parties to this suit or by their representatives including, but not limited to the Plaintiff, please state and provide the substance of each such admission and the party making each such admission.

13.

State whether, following the incident of June 21, 2019, involving the Plaintiff, the Quiktrip floor maintenance and upkeep procedures have been changed, altered, or reconfigured in any manner by the Defendant. If the Defendant's answer is in the affirmative, please state and give the following additional information:

21SV00307

a)    A statement describing the nature and description of any such change, alteration or reconfiguration;

b)    The purpose for any such change, alteration or reconfiguration;

c)    The names, addresses or telephone numbers of any individual or entities that effectuated or made any such change, alteration or reconfiguration; and

d)    The date of any such change, alteration or reconfiguration.

14.

Identify any substantially similar incidents at the Quiktrip for the ten (10) previous years before service of these Interrogatories.

15.

Please provide the name, address, telephone number, title, occupation, profession, and area of specialization of each expert of any kind or nature whom the Defendant or its attorneys, insurers, representatives, or agents have consulted (whether or not the Defendant intends to call such expert as a witness on her behalf at the trial of this action).  With regard to those experts who will testify at trial, please state and provide, in complete detail, the subject matter, facts, and opinions about which each such expert might testify, and also provide a summary of the grounds for each opinion that each such expert holds.

16.

If the Defendant has ever been a party to a civil suit either at law or in equity prior to the institution of the present suit, please state and provide the following additional information:

a)    The title or caption of the case;

b)    the place and Court in which the case was filed or pending;

c)    the date of filing;

7

21SV00307

d)      a brief description of the subject matter of each such case; and

e)      the outcome of each such case.

17.

If the Defendant contends that the Plaintiff was comparatively or contributorily negligent in causing or contributing to the slip and fall incident in which the Plaintiff was involved on June 21, 2019, please provide the following additional information:

a)      A detailed statement of all facts that the Defendant contends support its contention;

b)      the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting its contention; and

c)      a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports its contention.

18.

If the Defendant contends that a third party, other than the Defendant and the Plaintiff, caused, in whole or in part, or contributed to the slip and fall incident in which the Plaintiff was involved on June 21, 2019, please provide the following additional information:

a)      A detailed statement of all facts that the Defendant contends support its contention;

b)      the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting its contention; and

c)      a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports its contention.

8

21SV00307

19.

If the Defendant contends that the Plaintiff failed to exercise ordinary care by causing or contributing to the slip and fall incident in which the Plaintiff was involved on June 21, 2019, please provide the following additional information:

    a)    A detailed statement of all facts that the Defendant contends support its contention;

    b)    the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting its contention; and

    c)    a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports its contention.

20.

Please describe in detail how and why the Defendant contends that the slip and fall incident in which the Plaintiff was involved on June 21, 2019, occurred.

21.

If the Defendant contends that it was <u>not</u> at fault for the slip and fall incident in which the Plaintiff was involved on June 21, 2019, please provide the following additional information:

    a)    A detailed statement of all facts that the Defendant contends support its contention;

    b)    the names, addresses and telephone numbers of all witnesses that the Defendant contends will testify in support of the facts supporting its contention; and

    c)    a complete and detailed description of each and every piece of documentary or tangible evidence that the Defendant contends supports its contention.

21SV00307

22.

Please state whether, in the past ten (5) years, any other person had made a complaint or report to the Defendant regarding slips and fall at the Quiktrip. If the Defendant's answer is in the affirmative, please give the following information with respect to each such complaint or report:

a)   A detailed statement of the complaint or report made, including the substance of such report or complaint;

b)   The date of any such complaint or report;

c)   The name, address and telephone number of the person making or giving such complaint or report;

d)   The name, address and telephone number of any person associated or employed by the Defendant that received such complaint or report;

e)   The name, address and telephone number of any person associated or employed by the Defendant that responded to such complaint or report; and

f)   The name, date and a description of any written document associated with or reflecting any such complaint or report.

23.

Please provide the following information with respect to the existence and contents of any insurance agreement under which any person or insurance carrier carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment:

a)   The name or names of any provider of such insurance, including the name or names of any insurance carrier;

b)   The limits of insurance available to the Defendant; and

10

21SV00307

    c)      The policy number or numbers applicable to any such insurance agreement.

24.

Do you contend that you are improperly named? If so, identify the correct entity who you contend should be named as a defendant in this lawsuit, and identify the facts upon which you make this contention.

25.

Was the subject incident captured by any video camera or recording device?

    a)      If so, identify the present location of the recording depicting the incident.

    b)      If you are not in possession of any responsive recording, identify the date upon which the recording left your control and custody, and identify who now is in possession of the subject recording.

    c)      If any responsive recording has been destroyed, identify the date upon which the recording was destroyed.

*[SIGNATURE PAGE TO FOLLOW]*

11

21SV00307

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
ROBYN OLIVER WEBB
Georgia Bar No. 552505
*Counsel for Plaintiff*

3190 Northeast Expressway
The Berkman Building, Suite 430
Chamblee, Georgia 30341
(404) 260-6330 Office
(404) 260-6191 Direct / Fax
mhoffer@hofferwebb.com

12

FILED
4/6/2021 8:38 AM
Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA
21SV00307

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

REGINA STEWART,                          )
                                         )
    Plaintiff,              )
                                         )     **CIVIL ACTION FILE NO.**
v.                                       )     21SV00307
                                         )
QUIKTRIP CORPORATION,                    )     _____
                                         )
                                         )     **JURY TRIAL DEMANDED**
    Defendant.    ·         )
                                         )
_____  )

### PLAINTIFF'S FIRST REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW, **REGINA STEWART ("Plaintiff")**, as the Plaintiff in this action, and by and through her counsel, and pursuant to O.C.G.A. § 9-11-34, serves her First Requests for the Production of Documents upon the Defendant.

### INSTRUCTIONS

A.    Pursuant to Rule 34, the Defendant is required to serve a written response to these requests forty-five (45) days after service of them and the Summons and Complaint upon the Defendant.

B.    Pursuant to Rule 34, the Defendant's response shall state, with respect to each request, item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. · If objection is made to part of a request, item or category, the part shall be specified.

C.    The Defendant may produce the documents requested at the offices of Plaintiff's counsel, Michael Hoffer, Hoffer & Webb, LLC, 3190 Northeast Expressway, Suite 430,

21SV00307

Chamblee, Georgia, 30341, beginning at 9:30 a.m. on the forty-fifth (45th) day following service of these requests upon Defendant.

D.     When used in these Requests, the term "Defendant" or any synonym thereof is intended to and shall embrace and include, in addition to the said Defendant, all agents, servants, representatives, private investigators, and others who are in a position to obtain or may have obtained information for or on behalf of the Defendant.

E.     As used herein, the word "document" or "documents" shall include and embrace any written, printed, electronic, recorded or graphic matter, or other means of preserving or reproducing information, including, but not limited to, sound reproduction, video reproduction and computer-stored information.

F.     As used herein, the term "communication" shall include and embrace any method or manner of exchanging or transmitting information and specifically includes, but is not limited to, a statement, a conversation and any other means of oral or written communication. Obviously, in certain circumstances, a "document" may be a "communication", and vice versa.

G.     As used herein, the words "identify", "identity" or "identification", when used in reference to (a) a natural person, means to state his or her full name and present or last known address, his or her present or last known place of employment, and his or her home and business telephone numbers; (b) a document, means to give its date, title, author, addressee, persons receiving copies and its present location and the name of each of its present custodians; (c) a communication, means to identify each person privy to or with knowledge of such communication; the nature of the communication; and the date, place and time of such communication; (d) a business, firm, or other organization for the purpose of doing business, means to give the full, complete and accurate name of the business entity, the address and telephone number if known.

21SV00307

H.     As used herein, the word "person" or "persons" includes natural persons, firms, partnerships, associations, joint ventures, for profit and not-for-profit corporations and any other forms of business organizational arrangement.

## REQUESTS FOR PRODUCTION

1.

Any reports, summaries, or written investigations prepared or performed by any local, state, or federal agency, investigator, or employee of the slip and fall incident in which the Plaintiff was involved.

2.

Any photographs, drawings, sketches, diagrams, visual depictions, computerized images, or videotapes of the slip and fall incident in which the Plaintiff was involved, or of the scene thereof, or the persons or parties involved therein.

3.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects that the Defendant intends to rely upon at the trial of this matter.

4.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects that the Defendant contends support its contentions in this matter.

21SV00307

5.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects that the Defendant contends support its denial of any of the factual averments contained in the Plaintiff's Complaint.

6.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects that the Defendant contends support any of the affirmative defenses that it included in any answer that it filed in this action.

7.

Specifically excluding any correspondence, letters, facsimiles, reports, or memoranda between the Defendant and its attorneys, any correspondence letters, facsimiles, reports, memoranda, or any other forms of communications to or from the Defendant about the subject incident in which the Plaintiff was involved on June 21, 2019.

8.

Specifically excluding any e-mails or other forms of electronic or computerized communication between the Defendant and its attorneys, any e-mails or any other forms of electronic or computerized communication to or from the Defendant about the subject incident in which the Plaintiff was involved on June 21, 2019.

9.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects referred to or identified in the Defendant's response to Plaintiff's First Interrogatories to Defendant.

21SV00307

10.

Any documents, photographs, drawings, sketches, visual depictions, computerized images, data, accumulations of data, spreadsheets, summaries, or tangible objects consulted in responding to <u>Plaintiff's First Interrogatories to the Defendant</u>.

11.

Any written or recorded statements made by the Plaintiff or any Defendant regarding the incident in which the Plaintiff was involved on June 21, 2019.

12.

Any records of or documents about any investigation of the incident in which the Plaintiff was involved on June 21, 2019.

13.

All photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, or related to the incident in which the Plaintiff was involved on June 21, 2019.

14.

Each and every piece, item or article of documentary or tangible evidence which the Defendant may use to support its contentions in this case.

15.

Any written reports from any professional witness, expert or consultant of any kind or nature whom the Defendant or its attorneys, insurers, representatives or agents has consulted in connection with the incident in which the Plaintiff was involved on June 21, 2019.

21SV00307

16.

With regard to those expert witnesses who will testify at trial of this case for or on behalf of the Defendant, any reports, summaries, memoranda, or correspondence concerning the subject matter, facts, and opinions about which each such expert may testify, and also any summaries of the grounds for any such opinions.

17.

With regard to any expert witnesses who will testify at trial for or on behalf of the Defendant, any reports, correspondence, memoranda, e-mails or any other forms of communication by and between such experts and Defendant or its attorneys, insurers, representatives or agents.

18.

Any and all floor inspection, maintenance, drying, upkeep, and cleaning procedures used by the Defendant's employees and/or agents on June 21, 2019.

19.

All inspection, service, and maintenance logs for the area where Plaintiff fell for the 48 hours leading up to and including the subject incident.

20.

With regard to any consultants that Defendant or its attorneys, insurers, representatives or agents have consulted in regard to this lawsuit, any reports, correspondence, memoranda, e-mails or any other forms of communication by and between such consultants and Defendant or its attorneys, insurers, representatives or agents.

21SV00307

21.

Any written records of or documents about any civil suit either at law or in equity to which the Defendant had ever been a party to prior to the institution of the present suit.

22.

Any written pleadings from any prior lawsuits in which the Defendant was a party in the State of Georgia in the past five years.

23.

Any documents, videotapes, recordings, photographs, drawings, depictions, data, tangible objects, or any other form of documentary or physical evidence that the Defendant contends support any contention that the Plaintiff was comparatively or contributorily negligent.

24.

Any documents, videotapes, recordings, photographs, drawings, depictions, data, tangible objects, or any other form of documentary or physical evidence that the Defendant contends supports any contention that the Plaintiff failed to exercise ordinary care.

25.

Any documents, videotapes, recordings, photographs, drawings, depictions, data, tangible objects, or any other form of documentary or physical evidence that the Defendant contends supports any contention that it was not at fault.

26.

Any prior complaints or reports to the Defendant about substantially similar incidents.

27.

Any reports or written summaries of any other incident where any other person has slipped or fell at Walmart for the previous ten (10) years before service of these Requests.

21SV00307

28.

Copies of all documents Defendant relies upon to demonstrate and support facts relevant to this litigation. E.H. Siler Realty & Bus. Broker, Inc. v. Sanderlin, 158 Ga. App. 796 (1981).

29.

Copies of any insurance agreements under which any person or insurance carrier carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
ROBYN OLIVER WEBB
Georgia Bar No. 552505
*Counsel for Plaintiff*

3190 Northeast Expressway
The Berkman Building, Suite 430
Chamblee, Georgia 30341
(404) 260-6330 Office
(404) 260-6191 Direct / Fax
mhoffer@hofferwebb.com

## IN THE STATE COURT OF DOUGLAS COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| REGINA STEWART, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION** |
| | § | |
| vs. | § | **FILE NO. 21SV00307** |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **QUIKTRIP CORPORATION**, a Defendant in the above-styled civil action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

This Defendant has breached no duty owed to the Plaintiff.

### SECOND DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

### THIRD DEFENSE

Plaintiff's claim is barred due to improper venue.

### FOURTH DEFENSE

Plaintiff failed to exercise reasonable care for her safety, and such failure was the sole proximate cause of any alleged injuries to Plaintiff.

## FIFTH DEFENSE

Plaintiff is barred from recovering from this Defendant for the reasons that any such alleged condition was open and obvious such that Plaintiff's knowledge of such condition was either equal to or greater than that of this Defendant.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against QuikTrip Corporation for negligent hiring, training, and supervision.

## SEVENTH DEFENSE

For a next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

Defendant admits only that its principal office address is 4705 South 129th East Ave., Tulsa, Oklahoma 74134-7008, and may be served with a Summons and a copy of this Complaint by serving its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046. Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits only that it transacted business in Douglas County on June 21, 2019 and continues to do so.  Defendant denies the remaining allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## **BACKGROUND**

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits only that it is the operator of the QuikTrip subject location.  Defendant denies the remaining allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

Defendants admits only that it had exclusive possession over the subject area.  Defendant denies the remaining allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

## COUNT 1
## PREMISES LIABILITY

15.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 14 of Plaintiff's Complaint as if those responses were set forth herein by reference.

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

## COUNT 2
## VICARIOUS LIABILITY

24.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 23 of Plaintiff's Complaint as if those responses were set forth herein by reference.

25.

This Defendant admits the applicability of the doctrine of *respondeat superior* with regard to its employees only but denies any negligence or liability and the remaining allegations of Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant admits the applicability of the doctrine of *respondeat superior* with regard to its employees only but denies any negligence or liability and the remaining allegations of Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

28.

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant QUIKTRIP CORPORATION prays that it be discharged without costs.

**A TRIAL BY A JURY OF TWELVE IS DEMANDED.**

This 10th day of May, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REGINA STEWART, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO. 21SV00307** |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Michael D. Hoffer, Esq.
Hoffer & Webb, LLC
3190 Northeast Expressway, Suite 430
Chamblee, GA  30341

This 10th day of May, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

# IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| REGINA STEWART, | § § | |
| Plaintiff, | § § | **CIVIL ACTION** |
| vs. | § § | **FILE NO. 21SV00307** |
| QUIKTRIP CORPORATION, | § § | |
| Defendant. | § § § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **QUIKTRIP CORPORATION**, named as Defendant in the above-styled

civil action, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. §

15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12.  If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 10th day of May, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

J. ROBB CRUSER
Georgia Bar No. 199480
CANDICE R. BRYANT
Georgia Bar No. 807404
*Attorneys for Defendant*

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

REGINA STEWART,

       **Plaintiff,**

**vs.**

QUIKTRIP CORPORATION,

       **Defendant.**

§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION**

**FILE NO. 21SV00307**

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Michael D. Hoffer, Esq.
Hoffer & Webb, LLC
3190 Northeast Expressway, Suite 430
Chamblee, GA 30341

This 10ᵗʰ day of May, 2021.

                             **CRUSER, MITCHELL, NOVITZ,**
                             **SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

                             **J. ROBB CRUSER**
                             Georgia Bar No. 199480
                             **CANDICE R. BRYANT**
                             Georgia Bar No. 807404
                             *Attorneys for Defendant*

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **REGINA STEWART,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21SV00307** |
| **QUIKTRIP CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:    Plaintiff REGINA STEWART, c/o her attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant Quiktrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached

hereto and by reference made a part hereof.

This 10th day of May, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE STATE COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

REGINA STEWART,

  Plaintiff,

vs.

QUIKTRIP CORPORATION,

  Defendant.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION

FILE NO. 21SV00307

## <u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Michael D. Hoffer, Esq.
Hoffer & Webb, LLC
3190 Northeast Expressway, Suite 430
Chamblee, GA  30341

This 10th day of May, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

J. ROBB CRUSER
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*